UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BRICKLAYERS INSURANCE AND
WELFARE FUND, BRICKLAYERS
PENSION FUND, BRICKLAYERS
SUPPLEMENTAL ANNUITY FUND,
BRICKLAYERS AND TROWEL TRADES
INTERNATIONAL PENSION FUND,
NEW YORK CITY AND LONG ISLAND
JOINT APPRENTICESHIP AND
TRAINING FUND, INTERNATIONAL
MASONRY INSTITUTE, JEREMIAH
SULLIVAN, JR. *in his fiduciary capacity
as Administrator and Chairman of
Trustees,* BRICKLAYERS LOCAL 1,
INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFT
WORKERS, AND BRICKLAYERS LABOR
MANAGEMENT COMMITTEE,

                      Plaintiffs,

   -against-

BELLA GROUP LLC AND ALBERT
CHWEDCZUK,

                      Defendants.
----------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

17-CV-4479 (DRH) (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Plaintiffs, Local 1 of the International Union of Bricklayers and Allied Craft Workers ("Local 1"), Bricklayers Labor Management Committee (the "LMC"), the Local 1 Fringe Benefit Funds (the "Funds"),[1] and the Funds' administrator and trustee, Jeremiah Sullivan, Jr. ("Sullivan," collectively with Local 1, the LMC, and

---

[1] The Funds include Plaintiffs Bricklayers Insurance and Welfare Fund (of which the Vacation Fund is a part of) ("Welfare Fund"), Bricklayers Pension Fund ("Pension Fund"), Bricklayers Supplemental Annuity Fund ("Annuity Fund"), Bricklayers and Trowel Trades International Pension Fund ("IPF"), New York City and Long Island Joint Apprenticeship and Training Fund ("JATC"), and the International Masonry Institute ("IMI").

the Funds, "Plaintiffs"), commenced this action against Defendants, Bella Group LLC ("Bella") and Albert Chwedczuk ("Chwedczuk," together with Bella, "Defendants"), seeking damages and injunctive relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and Section 301 of the Labor Management Relationship Act of 1947 ("LMRA"), 29 U.S.C. § 185. Presently before the Court, on referral from the Honorable Dennis R. Hurley, is Plaintiffs' motion for a default judgment. For the reasons set forth below, the Court respectfully recommends granting in part and denying in part the motion. Specifically, the Court recommends awarding Plaintiffs damages of $14,266.69 against Bella and $6.969.20 against Chwedczuk while declining to enter an injunction compelling Bella to submit to an audit.

**I.  Background**

Local 1 is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. *See* Compl. ¶ 8. The LMC is established and maintained under Section 302 of the LMRA, 29 U.S.C. § 186(c)(9). *Id*. The Funds are "employee benefit plans" and "multiemployer plans" under Section 3 of ERISA, 29 U.S.C. §§ 1002(3) and (37). *See id.* ¶ 6. Bella, a masonry contracting company owned and operated by Chwedczuk, is a signatory to Local 1's collective bargaining agreement covering bricklayers. *See id.* ¶ 12; *see* also Declaration of Jeremiah Sullivan in Support of Motion for Default Judgment ("Sullivan Decl."), DE [12-2], ¶ 2, Ex. A (the "CBA"), DE [12-4]. The CBA requires Defendants to make contributions to the Funds and to remit union dues checkoffs to Local 1 and the LMC based on the number of hours its

2

journeymen bricklayers work, and also mandates that Defendants transmit after-tax deductions from employee paychecks to the Vacation Fund. *See* Compl. ¶¶ 12-14; *see also* Sullivan Decl. ¶ 7, Ex. C ("Applicable Hourly Rates") (showing the various hourly rates of contribution). The CBA further obligates Bella to submit to reasonable audits by the Funds. *See* Compl. ¶ 45; Sullivan Decl. ¶ 17, CBA at 13 ("The books and records of [Bella] shall be made available … for inspection and audit by … the accountant … or other representatives of the … Funds").

Between May and July 2016, Bella performed masonry work on a contracting project. *See* Sullivan Decl. ¶ 6, Ex. B ("Shop Steward Reports"). In July 2016, Bella's workers logged a total of 497 hours, for which Bella made partial payment on 217 hours while leaving a balance of 280 unreported hours (the "Unreported Hours") for which it failed to make contributions to the Funds, Local 1, and the LMC pursuant to the CBA. *See id*.

Based on the foregoing, Plaintiffs commenced this action on July 31, 2017, seeking delinquent contributions to the Funds, unremitted dues checkoffs to Local 1 and the LMC, interest, liquidated damages, costs, and injunctive relief. *See generally* Complaint ("Compl."), DE [1]. After Defendants failed to timely answer the Complaint or otherwise appear in this action, Plaintiffs requested Certificates of Default on February 14, 2018. *See* DEs [7], [8]. The Clerk of the Court entered default against Defendants on February 23, 2018. *See* DEs [9], [10]. On July 19, 2018, Plaintiffs filed the instant motion, *see* DE [12], which Judge Hurley then referred to this Court for Report and Recommendation. *See* July 20, 2018 Order

3

Referring Motion. Plaintiffs served the motion on Defendants on July 27, 2018, and again on Bella at a second address on August 16, 2018, and no opposition was filed. *See* DEs [13], [14].

## II.   Default Judgment Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b). When a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied"). However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (internal quotation and citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83

(E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrara v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015) (internal quotation and citation omitted). Accordingly, "prior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation and citation omitted).

### III. Discussion

#### A. Liability

Initially, the Court concludes that the factual allegations set forth in the Complaint, taken as true, establish Defendants' liability as a matter of law.

##### i. Bella

Pursuant to Section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall ... make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see La Barbera v. J.D. Collyer Equip. Corp.*, 337 F.3d 132, 134 (2d Cir. 2003). Further, Section 301 of the LMRA provides a federal cause of action for "violation of contracts between an employer and a labor organization representing employees...." 29 U.S.C. § 185(a). Here, the Complaint alleges that Bella failed to make contributions to the Funds as required by the CBA. *See* Compl. ¶ 16. Plaintiffs

5

further claim that Bella violated the CBA's mandate that it remit dues checkoffs to Local 1 and the LMC. *See id.* ¶ 19. Accordingly, Plaintiffs have sufficiently stated claims against Bella under ERISA and for breach of the CBA pursuant to the LMRA. *See Gesualdi v. Reid*, 198 F. Supp. 3d 211, 218 (E.D.N.Y. 2016) (finding liability under ERISA the LMRA).

    ii. <u>Chwedczuk</u>

Section 409(a) of ERISA states that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries … shall be personally liable …." 29 U.S.C. § 1109(a). Here, Plaintiffs allege that Chwedczuk violated his duty as a fiduciary and owner of Bella by commingling and misappropriating monies deducted from his workers' wages – which were owed to the Vacation Fund, IPF, Pension Fund, and Annuity Fund – in order to pay corporate expenses and creditors. *See* Compl. ¶¶ 24, 30, 35, 40. Thus, Chwedczuk may be held responsible in his individual capacity.

Plaintiffs further claim that Chwedczuk is liable for state law conversion. "Conversion occurs when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 1997) (internal quotation and citations omitted). In New York, conversion occurs when a defendant wrongfully handles money that is obligated to be treated in a particular manner, regardless of whether the defendant knows he is acting inappropriately. *See id.* Here, Plaintiffs allege Chwedczuk misappropriated monies deducted from paychecks of Local 1 members in

6

order to pay corporate expenses, rather than remitting them to Local 1 as he was required to do. *See* Compl. ¶ 42. Accordingly, Plaintiffs have stated a viable claim for conversion against Chwedczuk.

### B.   Damages

Having found a basis for liability, the Court next evaluates Plaintiffs' request for damages. "'A default ... effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct.'" *Gesualdi v. Ava Shypula Testing & Inspection, Inc.*, 13-cv-1873, 2014 WL 1399417, at *4 (E.D.N.Y. Feb. 28, 2014) (quoting *Cablevision City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997)), *report and recommendation adopted*, 13-cv-1873, 2014 WL 1399417, at *1 (E.D.N.Y Apr. 10, 2014). To establish damages, the movant must only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *See Greyhound*, 973 F.2d at 159. Under ERISA, in the context of a default judgment, once liability has been established, a court must ascertain damages with "reasonable certainty." *Gesualdi v. Seacost Petroleum Prod., Inc.*, 97 F. Supp. 3d 87, 96 (E.D.N.Y. 2015) (quoting *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). An evidentiary hearing is not required as long as there is a basis for the damages awarded. *See Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

Section 502 of ERISA entitles plaintiffs to a damages award of: (i) unpaid contributions; (ii) interest on the unpaid contributions; (iii) liquidated damages; (iv) reasonable attorney's fees and costs; and (v) such other legal or equitable relief as the

7

court deems appropriate. *See* 29 U.S.C. § 1132(g)(2). "Damages are also available under section 301 of the LMRA where a defendant has failed to abide by the terms of a collective bargaining agreement." *Bricklayers Ins. & Welfare Fund v. Verse Inc.*, No. 12-cv-4271, 2013 WL 4883966, at *5 (E.D.N.Y. Sept. 11, 2013) (internal citation omitted). Here, the declarations and exhibits submitted in connection with the motion provide the Court with a sufficient basis to determine damages without an inquest.

          i.     Monetary Damages Against Bella

Initially, the Court respectfully recommends awarding $14,266.69 in damages against Bella as follows:

          a.     *Unpaid Contributions and Setoffs*

Plaintiffs seek to recover $10,921.20 in principal from Bella, representing delinquent contributions to the Funds, Local 1, and the LMC with respect to the Unreported Hours. *See* Plaintiffs' Memorandum of Law in Support of Motion for Default Judgment ("Pltfs.' Mem."), DE [12-1], at 8; *see also* Statement of Damages, DE [12-5]. Plaintiffs first request $8,993.60 in unpaid contributions to the Funds, which is calculated by multiplying the Unreported Hours by the Applicable Hourly Rates for the various Funds pursuant to the CBA. *See id.*; *see also* Sullivan Decl. at ¶ 7; Shop Steward Reports; Applicable Hourly Rates (showing hourly rates of contribution for July 2016). Further, Plaintiffs seek $1,097.60 in monies owed to Local 1 and the LMC for dues setoffs under the same calculation. *See id.* Having performed the calculations suggested by Plaintiffs based on the data provided in their

8

submissions, the Court concludes Plaintiffs' requested figure is accurate. Accordingly, the Court respectfully recommends awarding Plaintiffs the principal amount of $10,921.20 against Bella, comprised of $8,993.60 in unpaid contributions and $1,097.60 in dues setoffs.

b. *Interest*

Plaintiffs next request $1,976.77 in interest from Bella.[2] *See* Pltfs.' Mem. at 10; *see also* Statement of Damages. Section 502 of ERISA entitles Plaintiffs to interest on the unpaid contributions in accordance with the terms of the CBA. *See* 29 U.S.C. § 1132(g)(2)(B); *Gesualdi v. J.M.R. Concrete Corp.*, No. 16-cv-4210, 2018 WL 614975, at *5 (E.D.N.Y. Jan. 11, 2018), *report and recommendation adopted*, 2018 WL 611693 (E.D.N.Y. Jan. 29, 2018) ("The amount of interest due for unpaid contributions must be determined by using the rate provided under the plan") (internal quotations and citations omitted). Here, Bella agreed to pay interest at 10% *per annum* on any delinquent contributions. *See* CBA at 16. Thus, the Court recommends awarding Plaintiffs' requested figure of $1,976.77 in interest against Bella.[3]

---

[2] Plaintiffs do not seek additional *per diem* interest from the date the motion was filed through the entry of judgment. *See* Pltfs.' Mem. at 10, 12; *see also* Statement of Damages.

[3] The Court reaches this figure by multiplying the unpaid principal (contributions and dues setoffs) of $10,921.20 by the 10% annual interest rate, dividing that number by 365 days in a year to reach the *per diem* interest rate, and then multiplying the resulting *per diem* interest rate by the 715 days between July 31, 2016 and July 18, 2018, when Plaintiffs' memorandum of law was signed. *See Onewest Bank v. Serbones*, No. 14-cv-7281, 2016 WL 1295197, at *4 (E.D.N.Y. Mar. 7, 2016), *report and recommendation adopted as modified sub nom.*, 2016 WL 1306545 (E.D.N.Y. Mar. 31, 2016) (applying the foregoing calculation to calculate *per diem* interest)

### c. *Liquidated Damages*

Plaintiffs also seek $1,798.72 in liquidated damages from Bella. *See* Pltfs.' Mem. at 10; Sullivan Decl. ¶ 16. Section 502 of ERISA permits liquidated damages as agreed upon in the CBA, provided the amount does not exceed 20% of the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(C)(ii). Here, the CBA calls for liquidated damages of 20% of the unpaid contributions in the event recovery requires litigation. *See* CBA at 16. Accordingly, the Court respectfully recommends awarding $1,798.72 in liquidated damages against Bella (*i.e.* 20% of $8,993.60[4]).

### d. *Attorneys' Fees and Costs*

Despite the Complaint's demand for attorneys' fees, *see* Compl. at p. 9, Plaintiffs have not sought attorneys' fees in connection with this motion nor have they provided any documentation to support a reasonable award. Plaintiffs have, however, requested $400 representing the cost to commence the instant action. *See* Declaration of Michael Minnefor, Esq. in Support of Motion for Default Judgment, DE [12-3], ¶ 4. Therefore, the Court respectfully recommends that Plaintiffs be awarded $400 in costs. *See* 29 U.S.C. § 1132(g)(2)(D) (requiring that costs be awarded to a prevailing plaintiff in an ERISA enforcement action).

### ii. Monetary Damages Against Chwedczuk

Plaintiffs separately seek $6,969.20 from Chwedczuk. These individual damages originate from monies that Chwedczuk deducted from Local 1's members' wages, which he was obligated to remit on their behalf to the Funds and Local 1, but

---

[4] Plaintiffs only seek liquidated damages with respect to the delinquent contributions to the Funds, *not* in connection with the unpaid dues setoffs. *See* Pltfs.' Mem. at 10; *see also* Statement of Damages

instead commingled and misappropriated to pay corporate expenses and creditors. *See* Compl. ¶¶ 24, 30, 35, 40, 42; *see also* Sullivan Decl. ¶¶ 8-14, Exs. D-F. The damages requested include:[5]

    (i) $1,400 to the Vacation Fund (280 x $5.00). Sullivan Decl. ¶ 10.

    (ii) $565.60 to the IPF (280 x $2.02). *Id*. ¶ 11.

    (iii) $2,072 to the Pension Fund (280 x $7.40). *Id*. ¶ 12.

    (iv) $1,890 to the Annuity Fund (280 x $6.75). *Id*. ¶ 13.

    (v) $1,041.60 in dues setoffs owed to Local 1 (280 x $3.72[6]). *Id*. ¶ 14

Having performed the calculations suggested by Plaintiffs and reaching the same result, the Court respectfully recommends awarding $6,969.20 in damages against Chwedczuk.[7]

### iii.  Injunctive Relief

Finally, Plaintiffs move for an injunction ordering Bella to comply with an audit. *See* Pltfs.' Mem. at 10-12. Section 1145 of ERISA permits courts to award equitable relief in addition to monetary damages. *See* 29 U.S.C. § 1132(g)(2)(E). "Such relief may include an injunction directing a defendant to comply with a requirement, imposed by a [CBA], that the defendant permit and cooperate in the conduct of an audit of its records." *Cement & Concrete Workers Dist. Council Welfare*

---

[5] Each of the damage awards is calculated by multiplying the Unreported Hours by the Applicable Hourly Rates (*i.e.*, 280 * $X.XX).

[6] This amount represents the aggregate of the various hourly dues setoffs. *See* Applicable Hourly Rates, Wages.

[7] Plaintiffs do not seek interest or liquidated damages against Chwedczuk.

11

*Fund v. Azzarone Contracting Corp.*, No. 06-cv-2953, 2007 WL 2712314, at *5 (E.D.N.Y. Sept. 13, 2007) (internal citations omitted). "[T]he court may issue an injunction [ordering an audit] only where plaintiffs meet the requirements for obtaining equitable relief, such as a showing of irreparable harm should the injunction not be granted, and the absence of an adequate remedy at law." *Reid*, 198 F. Supp. at 223 (internal citations omitted).

Here, the CBA entitles Plaintiffs to audit Bella's books and records. *See* Sullivan Decl. ¶ 17, CBA at 13. Plaintiffs have not, however, alleged that they have attempted to conduct an audit and that such request has been refused by Bella, rendering their request premature. *See Bricklayers Ins. & Welfare Fund v. Tristate Constr. & Masonry, Corp.*, No. 16-cv04545, 2018 WL 2244701, at *13 (E.D.N.Y. Feb. 9, 2018), *report and recommendation adopted in part, rejected in part*, 2018 WL 1358813 (E.D.N.Y. Mar. 16, 2018) (recommending denying a request for an injunction compelling the defendant to submit to an audit absent any allegations that a request to audit was refused). Moreover, Plaintiffs have not specified the temporal scope of the requested audit, leaving the Court to speculate as to the breadth of the relief sought. *See* Pltfs.' Mem. at 10-12. Insofar as Plaintiffs wish to conduct an audit for July 2016, such relief is unwarranted because Plaintiffs are already seeking damages at law for that period. *Reid*, 198 F. Supp. 3d at 223 ("plaintiffs have not demonstrated that monetary damages are insufficient to make them whole since plaintiffs elected and sought legal remedy for damages from the estimated audit and the Court cannot comply with the requirements of equity by issuing an audit for this exact period of

12

time"); *see also Gesualdi v. MBM Indus., Inc.*, No. CV-10-2607, 2010 WL 3724348, at *3 (E.D.N.Y. Sept. 15, 2010) (declining to award equitable relief in ERISA default case where plaintiffs were already recovering estimated damages calculated in accordance with a CBA). Accordingly, the Court respectfully recommends denying Plaintiffs' request to compel Bella to submit to an audit.

## IV. Conclusion

For the reasons set forth above, the Court respectfully recommends that the motion for default judgment be granted in part and denied in part as set forth herein. Specifically, the Court recommends denying Plaintiffs' request for an injunction compelling Bella to submit an audit, and awarding Plaintiffs $14,266.69 in damages against Bella and $6.969.20 against Chwedczuk as follows:

**Bella**

| | |
|---|---:|
| Unpaid Fund Contributions | $8,993.60 |
| Unpaid Dues Setoffs | $1,097.60 |
| Interest | $1,976.77 |
| Liquidated Damages | $1,798.72 |
| Costs | $400 |
| **Total** | **$14,266.69** |

**Chwedczuk**

| | |
|---|---:|
| Unpaid Fund Contributions | $5,927.60 |
| Unpaid Dues Setoffs | 1,041.60 |
| **Total** | **$6,969.20** |

13

## V.     Objections

A copy of this Report and Recommendation is being served on Plaintiffs by electronic filing on the date below.  Plaintiffs are directed to serve a copy of this Report and Recommendation on Defendants by overnight mail and file proof of service by ECF within three (3) days of its issuance.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           January 15, 2019                    s/ Steven I. Locke
                                               STEVEN I. LOCKE
                                               United States Magistrate Judge