UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BRICKLAYERS INSURANCE AND
WELFARE FUND, BRICKLAYERS
PENSION FUND, BRICKLAYERS
SUPPLEMENTAL ANNUITY FUND,
BRICKLAYERS AND TROWEL TRADES
INTERNATIONAL PENSION FUND, NEW
YORK CITY AND LONG ISLAND JOINT
APPRENTICESHIP AND TRAINING
FUND, INTERNATIONAL MASONRY
INSTITUTE, JEREMIAH SULLIVAN, JR.,
in his fiduciary capacity as Administrator and
Chairman of Trustees, BRICKLAYERS
LOCAL 1, INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFT
WORKERS, and BRICKLAYERS LABOR
MANAGEMENT COMMITTEE,

                    Plaintiffs,                 **ORDER ADOPTING R&R IN PART**
-against-                                    17-cv-4479 (DRH)(SIL)

BELLA GROUP, LLC, and ALBERT
CHWEDCZUK,

                    Defendants.
-------------------------------------------------------X

**HURLEY, Senior District Judge:**

## INTRODUCTION

      Presently before the Court is the Report and Recommendation ("R&R), dated January 29, 2019, of Magistrate Judge Steven I. Locke, recommending that the Court grant Plaintiffs' motion for a default judgment in part and award damages of $14,266.69 against Defendant Bella Group, LLC ("Bella") and $6,969.20 against Defendant Albert Chwedczuk ("Chwedczuk," collectively with Bella, "Defendants"), and deny the same motion in part and decline to enter an injunction

compelling Defendant Bella to submit to an audit. Plaintiffs have filed a timely objection to that portion of the R&R declining to enter an injunction.

For the reasons set forth below, the R&R is adopted as to the unobjected to portions. The Court declines to adopt the objected to portion of the R&R, and Plaintiffs' request for an injunction compelling Defendant Bella to submit to an audit is granted.

## BACKGROUND

Defendant Bella is a masonry contracting company owned and operated by Defendant Chwedczuk. (Compl. [ECF No. 1] ¶ 12.) Defendant signed a collective bargaining agreement ("CBA") that requires Defendant to submit monthly remittance reports to Plaintiffs that identify the bricklayers employed at the Twin Rinks Project and list the number of hours worked by each member. (Decl. of Jeremiah Sullivan ("Sullivan Decl.") [ECF No. 12-2] ¶ 2.) The CBA further obligates Bella to submit to reasonable audits. (Compl. ¶ 45.) Additionally, the CBA mandates that Bella make certain contributions to the Local 1 Fringe Benefit Funds ("Funds") on the members' behalves. (*Id.* ¶¶ 12–14.) Between May and July 2016, Defendant Bella performed masonry worked on a contracting project and Bella's bricklayers logged a total of 497 hours. (*Id.* ¶ 6.) Bella made a partial payment on 217 of those hours, leaving a balance of 280 unreported hours. (*Id.*)

Based on the foregoing, Plaintiffs commenced the instant action on July 31, 2017. After Plaintiffs failed to answer or otherwise appear, Plaintiffs requested a Certificate of Default on February 14, 2018. The Clerk of Court entered default against Defendants on February 23, 2018. Plaintiffs moved for default judgment on July 19, 2018. Judge Locke issued his R&R on January 15, 2019, and Plaintiffs filed their Objection to the R&R ("Objection) on January 29, 2019. (Objection [ECF No.17].)

**APPLICABLE STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the unobjected to portion of the R&R for clear error, and finding none, now concurs in both its reasoning and its result. Accordingly, the Court adopts the unobjected to portions of the R&R as if set forth herein.

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). Accordingly, the Court reviews the objected to portion of the R&R de novo.

**DISCUSSION**

The sole issue the Court must consider here is whether Plaintiffs are entitled to the injunctive relief they seek under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* ERISA permits courts to award equitable relief in addition to monetary damages. *See* 29 U.S.C. § 1132(g)(2)(E). "Such relief may include an injunction directing a defendant to comply with a requirement, imposed by a [CBA], that the defendant permit and cooperate in the conduct of an audit of its records." *Cement & Concrete Workers Dist. Council Welfare Fund v. Azzarone Contracting Corp.*, 2008 WL 2712314, at *5 (E.D.N.Y. Sept. 13, 2007).

Here, the CBA entitles Plaintiffs to audit Bella's books and records. However, the Complaint is exceedingly vague as to whether Plaintiffs ever attempted to conduct such an audit and, if so, whether their request was refused. (*See* Compl. ¶ 46.) Rather, the Complaint simply states that Plaintiffs "would suffer irreparable harm if Bella were permitted to evade its

obligation to submit to an audit because there is no other mechanism which can accurately determine the full amount owed by the CBA signatories." (*Id.*)  In their Objection, Plaintiffs insist that this sentence intended to convey that Defendant Bella had evaded and was currently evading its obligation to submit to an audit.  (*See* Objection at 5.)  The Court is unpersuaded.  However, Plaintiffs have now submitted a sworn affidavit that attached two letters from 2017 and 2018 in which the Funds attempted to audit Defendant Bella without success.  (*See* Decl. of Viorel Kuzma [ECF No. 17-1] ¶ 3.)  The Court finds that this is sufficient, and that Plaintiffs have demonstrated that they contacted Bella to request an audit.  *See Bricklayers Ins. & Welfare Fund v. Tristate Constr. & Masonry, Corp.*, 2018 WL 2244701, at *13 (E.D.N.Y. Feb. 9, 2018), *report and recommendation adopted in part, rejected in part*, 2018 WL 1358813 (E.D.N.Y. Mar. 16, 2018).  Therefore, Plaintiffs' request for an injunction compelling Defendant Bella to submit to an audit is granted.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the unobjected to portions of the R&R for clear error, and finding none, now concurs in both its reasoning and its result.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs are awarded damages in the amount of $14,266.69 against Defendant Bella, and $6,969.20 against Defendant Chwedczuk.

Pursuant to Fed. R. Civ. P. 72(b) the Court has reviewed the objected to portions of the R&R de novo.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' request for an injunction compelling Defendant Bella to submit to an audit is granted in the form of the relevant language on pages 2 and 3 of the proposed order at ECF No. 12-6.

The Clerk of Court is directed to enter judgment accordingly and close the case.

Dated: Central Islip, N.Y.
March 5, 2019

/s/ Denis R. Hurley
Denis R. Hurley
United States District Judge